**NOT FOR PUBLICATION**                                                                                  **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIGUEL RAMOS, | |
| PETITIONER, | |
| | Civil Action No. 09-3074 |
| v. | |
| | **OPINION & ORDER** |
| GEORGE W. HAYMAN, et al., | |
| | Dated: July 27, 2010 |
| RESPONDENTS. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 (2006) by Petitioner Miguel Ramos, a prisoner currently confined to the United States Penitentiary Lee in Jonesville, Virginia. After carefully reviewing the written submissions of the parties, the Court will deny the petition.

**I. Background**

A. Factual and Procedural History

On July 17, 1997, Petitioner was indicted and charged by an Essex County Grand Jury with first-degree robbery in violation of N.J. Stat. Ann. § 2C:15-1 (West 2010), third-degree unlawful possession of a handgun in violation of N.J. Stat. Ann. § 2C:39-5(b) (West 2010), and second-degree possession of a handgun for an unlawful purpose in violation of N.J. Stat. Ann. § 2C:29-4(a) (West 2010). (Pet'r's Br. 3.) A jury found Petitioner guilty of first-degree robbery and not guilty of the other offenses. *Id.* The court sentenced Petitioner to twenty years in prison

with a ten-year period of parole ineligibility on November 20, 1998. *Id.* Petitioner appealed his conviction. *Id.* The Appellate Division affirmed Petitioner's conviction on May 31, 2000. *Id.* The New Jersey Supreme Court denied Petitioner's petition for certification on October 11, 2000. (Resp'ts' Br. 38.)

Petitioner filed his first petition for post-conviction relief ("PCR") on July 10, 2003, in New Jersey Superior Court. (Pet'r's Br. 4.) The court denied Petitioner's first PCR petition on April 1, 2005. *Id.* Petitioner filed his second PCR petition on August 11, 2006. *Id.* Petitioner alleged that he was denied his constitutional right to effective counsel because his lawyer failed to exclude three members of the jury who had either been victims of a robbery or had friends who were victims of robberies. *Id.* The court denied Petitioner's PCR petition on the merits on May 4, 2007. (Resp'ts' Br. 25-26.)

Petitioner appealed the denial of his second PCR petition. (Pet'r's Br. 6.) Petitioner's appeal raised the following issues: (1) ineffective assistance of counsel during jury selection stemming from defense counsel's failure to remove three jurors with connections to robberies or robbery victims; (2) the trial court's refusal to remove juror Louise Bahto for cause violated Petitioner's Sixth Amendment right to a fair trial by an impartial jury; and (3) the trial court's refusal to allow Petitioner to be present for oral argument on his second PCR petition was an abuse of discretion. *State v. Ramos*, No. A-5180-06T2, slip op. at 7-8 (N.J. Super. Ct. App. Div. June 26, 2008).

The Appellate Division denied Petitioner's appeal on June 26, 2008. *Id.* at 8-9. The court found that N.J. Ct. R. 3:22-4 (2008) (amended 2010) procedurally barred Petitioner's first two grounds for appeal because Petitioner could have raised those claims on direct appeal. *Ramos*, A-5180-06T2, slip op. at 8-9. The court did not address the merits of these claims. *Id.* at

9. The Appellate Division ruled that the trial judge was within his discretion to allow oral arguments without Petitioner being present. *Id.*

B. Claims for Habeus Corpus

Petitioner submitted this petition for a writ of habeas corpus on June 24, 2009. Petitioner rests his habeas petition on two grounds. First, he argues that he was denied his right to effective assistance of counsel. His primary claim for ineffective assistance of counsel is that his defense lawyer failed to exclude three jurors who were robbery victims or had friends who were robbery victims. (Pet'r's Br. 11-24.) Petitioner also asserts that his counsel was ineffective because Petitioner was not present at voir dire sidebars during jury selection. *Id.* at 21. Second, Petitioner contends that the trial court's refusal to remove Juror Louisa Bahto for cause violated Petitioner's Sixth Amendment right to trial by impartial jurors. *Id.* at 23-25. Respondents argue that this Court should deny Petitioner's entire petition for habeas corpus as time-barred under the statute of limitations. (Resp'ts' Br. 36-39.)

**II. Discussion**

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for a writ of habeas corpus for a person in custody pursuant to a state court judgement. 28 U.S.C. § 2244(d)(1) (2006). Given the facts of this case, the statute of limitations begins to run either from the date when the judgement becomes final due to the conclusion of direct review, or when the time for direct review has expired. 28 U.S.C. § 2244(d)(1)(a) (2006). The time period for seeking direct review includes a ninety-day period for filing a writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). The one-year limitation is subject to two tolling exceptions: (1) statutory tolling under 28

U.S.C. § 2244(d)(2) (2006) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending;" and (2) equitable tolling in the interests of justice or sound legal principles.  *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The one-year statute of limitations for Petitioner to file a habeas petition commenced on January 9, 2001.[1]  Petitioner filed this habeas petition on June 24, 2009, more than seven years after the statute of limitations expired on January 9, 2002.  Petitioner's habeas petition is barred under 28 U.S.C. § 2244(d)(1) unless it is subject to one of the two tolling provisions.

B. Statutory Tolling

A PCR petition must be pending in state court during the one-year statutory period and "properly filed" in accordance with a state's procedural requirements to invoke the statutory tolling exception.  *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001).  Petitioners for state post-conviction relief must "file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court."  *Id.*  If a state court dismisses a PCR petition as untimely, the petition is not "properly filed" under 28 U.S.C. § 2244(d)(2).  *See Fahy*, 240 F.3d at 244 (holding that a PCR petition dismissed by the Pennsylvania Supreme Court as time-barred was not "properly filed" under 28 U.S.C. § 2244(d)(2)).

Neither of Petitioner's PCR petitions was pending in state court between January 9, 2001, and January 9, 2002 as required by 28 U.S.C. § 2244(d)(2).  *See Lawrence v. Florida*, 549 U.S.

---

[1] Direct review of Petitioner's conviction ended on October 11, 2000, when the New Jersey Supreme Court denied his petition for certification.  Adding ninety days for Petitioner to file a writ of certiorari with the U.S. Supreme Court brings the start date of the statute of limitations to January 9, 2001.

327, 332 (U.S. 2007) ("[T]he statute of limitations is tolled only while state courts review a state post-conviction application."). Petitioner filed his first PCR petition July 10, 2003. (Pet'r's Br. 4.) Petitioner filed his second PCR petition on August 11, 2006. (Pet'r's Br. 4.)

Petitioner did not "properly file" his PCR petitions under 28 § 2244(d)(2) because both were untimely. The judge hearing the first PCR petition concluded that petition was untimely under N.J. Ct. R. 3:22-12 (2008) (amended 2010). *State v. Ramos*, No. A-5180-06T2, slip op. at 4 (N.J. Super. Ct. App. Div. June 26, 2008). Although the Appellate Division denied Petitioner's second PCR petition on the grounds that he could have asserted his claims when he appealed his conviction, the court specifically noted that the petition did not meet an exception to the statute of limitations that "allows consideration of a time-barred petition where a refusal to consider the petition would deny defendant fundamental fairness in a constitutional sense."[2] *Id.* at 8-9. Because neither of Petitioner's PCR petitions was properly filed or pending in state court, his petition for habeas corpus is not entitled to statutory tolling.

C. Equitable Tolling

Equitable tolling is available only "when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Equitable tolling requires a showing that the petitioner has been prevented in some extraordinary way from asserting his or her rights. *Id.* The petitioner must also show that "he or she has

---

[2] While the Appellate Division did not rule directly on whether the second PCR petition was timely, this Court notes that Petitioner's second PCR petition would likely be time-barred under N.J. Ct. R. 3:22-12, which requires that defendants submit a PCR petition within five years of sentencing. *State v. Murray*, 162 N.J. 240, 245 (2000). Although N.J. Ct. R. 1:1-2 (2010) allows the rules to be relaxed if strict adherence to them will result in injustice, "[t]o consider legal arguments available to a defendant on direct appeal years after conviction and sentence does not serve justice. Rather it mocks the reasonable time limits of the Rules of Criminal Practice and insults the laudatory purpose of post-conviction relief." *State v. McIlhenny*, 357 N.J. Super. 380, 386-87 (N.J. Super. Ct. App. Div. 2003).

exercised reasonable diligence in investigating and bringing the claims." *Id.*

While not specifically asserting that his habeas petition should be subject to equitable tolling, Petitioner argues that this petition is timely because he attempted to raise the ineffective assistance of trial counsel issues present in this petition with counsel representing him at the time of his first PCR petition.[3,4] (Habeas Pet. 5.) Petitioner's counsel for his first PCR chose not to raise those issues. (Pet'r's Supp. Br. 1.) The decision by Petitioner's prior counsel not to raise the issues present in this habeas petition at a prior proceeding does not rise to the level of "extraordinary" circumstances required to invoke the equitable tolling exception. *See Phillips v. Vaughn*, 55 F. App'x 100 (3d Cir. 2003) (holding that a habeas petition was not subject to equitable tolling when the petitioner's lawyer chose not to seek further review of the petitioner's first PCR petition and a second PCR petition was untimely); *see also Fahy,* 240 F.3d at 244 ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Therefore, the Petitioner is also not entitled to equitable tolling. This petition for a writ of habeas corpus is barred by the statute of limitations.

### III. CONCLUSION & ORDER

For the foregoing reasons, **IT IS** on this the 27th day of July, 2010, hereby

---

[3] Michael J. DeBlis, Jr. represented Petitioner during jury selection and at trial. (Habeas Pet. 4.) Stephen Latimer represented Petitioner during his first PCR proceeding. *Id.*

[4] Petitioner did not argue that he should have been present at sidebar during voir dire when he appealed the denial of his second PCR petition. *See Ramos*, No. A-5180-06T2, slip op. at 7-8. Even if Petitioner's habeas petition was not barred by the statute of limitation, this Court could not review Petitioner's claim that he had a right to be present at sidebar because Petitioner has not exhausted his remedies in state court with respect to this issue. *See* 28 U.S.C. § 2254(b)(1)(a) (2006). This Court cannot find evidence that Petitioner has ever raised this argument in state court.

**ORDERED** that the decision of Petitioner's petition for a writ of habeas corpus is **DENIED**; and it is further

**ORDERED** that this case is **CLOSED**.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.
